**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| YUXI WANG )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>)<br>THE PARTNERSHIPS AND )<br>UNINCORPORATED ASSOCIATIONS )<br>IDENTIFIED ON SCHEDULE A )<br>    Defendants )<br>)<br>_____) | CA: 1:23-cv-23-cv-06420<br><br>Honorable Thomas M. Durkin<br>Magistrate Judge Beth W. Jantz |

**MOTION FOR REQUEST FOR TEMPORARY RESTRAINING ORDER**

COMES NOW PLAINTIFF YUXI WANG ("Plaintiff") hereby presents this Motion for its Request for a Temporary Restraining Order ("TRO") in this action arising out of 35 U.S.C. § 271, with supporting evidence and documents, alleging as follows:

**I.    Irreparable Harm can be legally presumed and supported by the present facts.**

Plaintiff has established in its Memorandum in support of the Motion for TRO a strong likelihood of success for the validity and infringement (by Defendants) of the \*\*182 and \*\*303 patents (Dkt. 1 ("Exhibits A and B")). In view of the strong likelihood of validity and infringement, irreparable harm may be presumed, which is a premise that has been supported by the federal circuit (see, *Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.,* 429 F.3d 1364, 1381 (Fed. Cir. 2005) ("The district court did not abuse its discretion by presuming irreparable harm. We have consistently held that a district court should presume that a patent owner will be irreparably harmed when, as here, a patent owner

establishes a strong showing of likely infringement of a valid and enforceable patent ..."), and the Northern District of Illinois (see, *Chamberlain Group, Inc. v. Lear Corporation,* No. 05 C 3449, at *9 (N.D. Ill. Mar. 30, 2007) ("The Federal Circuit and lower courts have generally held that patent holders are entitled to a presumption of irreparable harm upon making a clear showing of validity and infringement.").

More evidently, as shown in Exhibit C (Dkt. 1), there are several sellers offering their Infringing Products at prices as low as $9. This extremely low price will more than likely lead to price erosion, eventually downgrading the plaintiffs price point for their Authentic Product because in the marketplace, when the same product is offered at a lower price, customers will almost always select the product with the lower price (DeWitty Declaration). In one example, the price erosion occurs on the Amazon selling platform due to its algorithms.
Amazon's algorithm looks at a product and scrapes the internet looking for a lower price. If Amazon finds a lower price, the marketplace will lower the price of the product (DeWitty Decl.). This price erosion is irreversible as consumers grow used to paying lower prices for the plaintiffs products.

**II.    Sufficient cause for alternative under Federal Rules of Civil Procedure 4(f)(3).**

Pursuant to FRCP 4(f)(3), Plaintiff has set forth cause for service of process by publication on a website having links to the documents for download by the defendant. Notably, while sufficient effort has been expended, through internet searching and searching on store platforms, such as Amazon.com, Plaintiffs counsel has been unable to locate likely official addresses of the defendant, as it has been Plaintiffs counsel's

experience that addresses provided on the platforms are intended to avoid communications relating to fraudulent activity (DeWitty Decl.).

Furthermore, in the experience of Plaintiffs counsel, service by notification to an internet store platform, such as Amazon, whereby a link is provided to them, followed by delivery of the link to the email addresses of the defendant is the most secure and assured way of notifying the defendant of the underlying action and providing access to documents and orders of this case (DeWitty Decl.) Plaintiff has already created a link to the documents of the present case, which may be accessible here (https://app.box.com/s/8cx2fzqbjsz6n1mqjpp88czh7rpjh375).

In light of the irreparable harm evident in the present case, as well as sufficient cause for service by alternative means, Plaintiff requests issuance of the TRO. Plaintiff provides a newly issued Proposed Order, which is inclusive of the points above, for the Court's consideration. A Memorandum of Law in Support is filed concurrently with this Motion.

Dated: August 29, 2023                    Respectfully Submitted:

                                                /s/
                                  Robert M. DEWITTY
                                  DeWitty and Associates
                                  700 12th Street, N.W. Suite 700,
                                  PMB 97894
                                  Washington, D.C. 20005
                                  T: 202 571 770
                                  F: 202 513 8071
                                  E: admin@dewittyip.com
                                      rmdewitty@dewittyip.com